IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,       )
                                )
              Plaintiff,         )
                                )
vs.                             )       Case No. CR-08-39-D
                                )
JAMES E. NEWMAN,                )
QUANAH K. NEWMAN, and           )
GLENDA J. ROBERTSON,            )
                                )
              Defendants.        )

## O R D E R

Before the Court is the defendants' Joint Motion to Reconsider Court's Ruling on Government's Motion in Limine,[1] and the combined alternative motion of defendants Quanah K. Newman and Glenda J. Robertson to sever the trial of their cases from that of James Newman [Doc. No. 53] in the event the Court denies the motion to reconsider.

The motion to reconsider is denied, for the same reasons as stated in the Court's original Order [Doc. No. 54].  Further, the motion to reconsider, grounded in the assertion that the Court has failed to properly apply Fed. R. Evid. 410, is infirm not just because such motions are of questionable value when there is no difference in the facts or law considered when the Court decided the matter in the first instance, but also because defendant James Newman validly waived the application of Rule 410 as to him, and defendants Quanah Newman and Robertson may not complain via Rule 410 of such application.

---

[1]*The government's motion in limine concerned the admissibility of statements made by defendant James Newman following his execution of a plea agreement with the government, and in light of his subsequent breach of that agreement.  The motion sought only an in limine ruling as to the admissibility of the statements against James Newman.  The Court granted the motion, holding the statements admissible as to Mr. Newman.*

The alternative motion to sever the trials of defendants Quanah Newman and Robertson is also denied, without prejudice to its reassertion at an appropriate time during the trial.  Initially, it should be noted that the motion, filed on the eve of trial, is untimely.  Despite the fact that the government's motion in limine (which purportedly triggered the instant motion) was filed nearly four months ago, and despite the fact that no defendant timely asserted an objection to the motion in limine, defendants Quanah Newman and Robertson now seek severance of their trials, even though such a motion should have been asserted long ago (*see* LCrR 12.1(a)).  In light of the clear facts and law set forth in the government's motion in limine, it is inconceivable that the real potential that such motion would be granted was not at lease foreseeable enough to these defendants to allow for the more timely presentation of the instant motion.  Beyond its untimeliness, however, the motion must fail on its merits at this time.

Because the Court's Order regarding the government's motion in limine was limited to the admissibility of the involved statements as to defendant James Newman only, and because the Court has not had the opportunity to hear all such statements the government may seek to introduce, the Court cannot properly consider at this time the potential prejudice of which these defendants complain; therefore the motion must be denied.  The general description of the statements contained in the government's motion in limine does not suggest that defendants Quanah Newman and Robertson will suffer substantial prejudice at a joint trial, and these defendants' conclusory assertions in that regard cannot sustain their motion.  Further, the government is cautioned to request a hearing outside the presence of the jury in the event that the statements of defendant James Newman it seeks to introduce could present co-conspirator admissions issues or confrontation issues such as

addressed in *Bruton v. United States*, 391 U.S. 123 (1968).[2]   Appropriate, contemporaneous

objections may be interposed by the defendants at trial.

IT IS SO ORDERED this __14th__ day of July, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2]*Without any specific assertions, the defendants raise in their motion the possibility of a* <u>Bruton</u> *issue.*