IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-08-39-D |
| | ) | |
| JAMES E. NEWMAN, | ) | |
| QUANAH K. NEWMAN, and | ) | |
| GLENDA J. ROBERTSON, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Before the Court is Plaintiff's Motion to Exclude the Testimony of Proposed Expert Michael

E. Deeba [Doc. No. 55], which Defendants have timely opposed.  The government seeks an order

prohibiting Defendants' expert witness from testifying at trial, based on four grounds:  (1) untimely

disclosure of the expert's report; (2) lack of relevance of the expert's opinions; (3) likelihood for

jury confusion; and (4) failure to satisfy the principles of *Daubert v. Merrell Dow Pharmaceuticals,*

*Inc.*, 509 U.S. 579, 591 (1993).

### 1.     Untimely Disclosure

Upon the government's request, Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure

required the Defendants to provide, in a timely fashion, a summary of the expert testimony that they

intend to use as evidence at trial.  One sanction authorized by Rule 16(d)(2)(C) for Defendants'

failure to comply with their duty of disclosure is an order prohibiting them from introducing the

evidence.  The court of appeals has held, however, "that it would be 'a rare case where, absent bad

faith, a district court should exclude evidence rather than continue the proceedings.'" *United States*

*v. Sarracino*, 340 F.3d 1148, 1170 (10th Cir. 2003) (quoting *United States v. Golyansky*, 291 F.3d

1245, 1249 (10th Cir.2002).  The court has "noted that the sanction of exclusion of a witness's expert testimony is 'almost never imposed in the absence of a constitutional violation or statutory authority for such exclusion.'"  *Id.* (quoting *United States v. Charley*, 189 F.3d 1251, 1262 (10th Cir.1999)).  In selecting a proper sanction, the district court should consider: (1) the reasons for the party's delay in making the disclosure, including whether the party acted in bad faith; (2) the extent of prejudice to the opposing party as a result of the delay; and (3) the feasibility of curing the prejudice with a continuance.  *See Golyansky*, 291 F.3d at 1249; *United States v. Gonzales*, 164 F.3d 1285, 1292 (10th Cir. 1999).  "In the absence of a finding of bad faith, the court should impose the least severe sanction that will accomplish prompt and full compliance with the discovery order."  *Golyansky*, 291 F.3d at 1249; *Gonzales*, 164 F.3d at 1292.

Defendants do not deny the lateness of their expert disclosure but state that it was provided as soon as possible, on the same day it was received.  The government expressly states in its Motion that it does not request a continuance.  *See* Pl.'s Mot. Exclude Testimony [Doc. No. 55] at 2 n.1.  Further, the government does not address the relevant factors nor allege that Defendants acted in bad faith.  Accordingly, the Court finds that the circumstances presented by the Motion do not warrant the exclusion of the testimony of Defendants' expert due to the untimely disclosure of his report.

**2.  Relevance**

According to the written summary of the expert's opinions, Mr. Deeba's testimony would address deficiencies in the financial statements and income tax returns prepared by the certified public accountant for Terra Tech, LLC, Wayne Chambers, and, in particular, would show Mr. Chambers committed various errors in converting the relevant financial information from an accrual basis to a tax basis and these errors may have caused Terra Tech's income to be incorrectly reported on its tax returns.  The government contends this testimony would have no probative value.

According to the government, any accounting errors made by Mr. Chambers have no bearing on the charges against Defendants that they diverted income away from Terra Tech in a way that prevented the income from being recorded on the company's records. Further, the government states that Mr. Chambers will be called to testify about his accounting work, will admit he made some errors, and can be cross-examined concerning the matters that Mr. Deeba would address.

Defendants' theory of relevance, as presented in their Joint Response, is that they will show through Mr. Deeba's testimony that Mr. Chambers's accounting methods were substandard and that Mr. Chambers will be unable to explain adequately his methods and mistakes. They contend "[t]his evidence bears directly on Defendants' assertion of their defense" because the government must prove they intended to defraud the government. *See* Defs.' Joint Resp. [Doc. No. 57] at 2.

At the present time, the Court is unsure of the relevance of Mr. Deeba's testimony. The Court is inclined to agree with the government that Mr. Chambers' accounting errors – both those he will admit and any additional ones Defendants may show – do not negate the charges against Defendants under the prosecution's theory of the case. Defendants' general arguments of relevance provide little assistance. The Court cannot assess how Mr. Deeba's opinions, which were unknown until recently, might bear on Defendants' state of mind at the time of the alleged offenses.

Nevertheless, the Court is unwilling to rule on the relevance of Mr. Deeba's testimony in advance of hearing Mr. Chambers' testimony about his preparation of Terra Tech's income tax returns. Defendant Robertson stands charged with subscribing false tax returns for Terra Tech that substantially under-reported the company's gross receipts. The parties provide no basis for the Court to evaluate the extent to which Mr. Chambers' accounting errors might have resulted in a under-reporting of Terra Tech's income, independently of any diverted checks. Clearly, the government believes Mr. Chambers' accounting errors are relevant to the case because the

government intends to present his testimony concerning them during its case-in-chief.  Accordingly, the Court declines to rule on the basis of Plaintiff's Motion that Mr. Deeba's opinions are irrelevant to the trial issues.

**3.      Jury Confusion**

For the same reasons that the Court cannot presently assess the relevance of Mr. Deeba's opinions, the Court also cannot perform a Rule 403 balancing analysis.  The Court is sensitive to the government's concern that the jury could become confused and considerable time could be wasted if the trial becomes unnecessarily focused on Mr. Chambers' accounting methods and his services to Terra Tech.  If Mr. Deeba's proposed testimony is found to be relevant, however, the government will be required to justify exclusion because its probative value is substantially outweighed by other considerations.

**4.      *Daubert***

The government mentions *Daubert* in its Motion but presents no specific challenge to any particular opinion expressed by Mr. Deeba.  The government cites to a portion of the *Daubert* decision that addresses the "fit" between an expert's testimony and the trial issues.  *See Daubert*, 509 U.S. at 591.  Like relevance, the helpfulness of Mr. Deeba's proposed testimony cannot fully be assessed at this point.  The Court notes, however, there appears to be a valid connection between Mr. Deeba's opinions and a pertinent inquiry into the accuracy of Terra Tech's income tax returns.  Therefore, the Court finds the government has failed to justify the exclusion of Mr. Deeba's testimony under *Daubert*.

Finally, the government concludes its motion with a request that, if Mr. Deeba does testify, he should be limited to the opinions expressed in his written report.  The government's concern arises from statements by Mr. Deeba in the report suggesting that his analysis is incomplete and he

may provide additional or revised opinions.  Defendants respond that an expert may be required to modify his opinions if he receives additional information that warrants a change and that an order precluding such a change is unwarranted.  While Defendants are correct that an expert cannot be prohibited from changing his opinion if circumstances warrant, Defendants must promptly disclose any additional opinions before Mr. Deeba will be permitted to testify about them.  *See* Fed. R. Crim. P. 16(c)(2).

   IT IS THEREFORE ORDERED that Plaintiff's Motion to Exclude Testimony [Doc. No. 55] is DENIED.

   IT IS SO ORDERED this  14th   day of July, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE